IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JULIO TORRES PALOMO,          )<br>    ID # 1923341,                      )<br>        Petitioner,                      )<br>vs.                                         )<br>                                              )<br>BRYAN COLLIER, Executive Director, )<br>Texas Department of Criminal       )<br>Justice,                                   )<br>        Respondent,                    ) | No. 3:17-CV-1078-G (BH)<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I.  BACKGROUND**

Julio Torres Palomo (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a § 2254 petition for writ of habeas corpus challenging his conviction for continuous sexual abuse of a child or children. The respondent is Bryan Collier, Executive Director of the Texas Department of Criminal Justice (Respondent).

**A.    State Court Proceedings**

Petitioner was indicted for continuous sexual abuse of a child or children in Cause No. 28777 in the 196th Judicial District Court of Hunt County, Texas. (*See* doc. 15-1 at 11.)[1] He pleaded not guilty, and the case was tried before a jury from March 25 through April 1, 2014.

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Using terminology appropriate to her age, Ellen (a pseudonym) testified that Petitioner touched her sexual organ and anus with his hands and sexual organ. She said that this happened "all the time" and "for a long time" while she was six or seven years old. She also testified that one day, he made her touch his sexual organ with her hand, and he put his sexual organ in her mouth. Cathy (a pseudonym) testified that Petitioner touched her chest and sexual organ with his hand, and she touched his sexual organ with her hands. His hands penetrated her sexual organ on several occasions, and his sexual organ penetrated her anus one time on a different occasion. The sexual abuse began when she was nine or ten years old and stopped when she was eleven. *See Palomo v. State*, No. 06-14-00076-CR, 2015 WL 1546148 at *6 (Tex. App. – Texarkana Apr. 1, 2015).

The jury convicted Petitioner of continuous sexual abuse of a child or children, and he was sentenced to life imprisonment. (*See* doc. 15-1 at 178.) The judgment was affirmed on appeal. *See Palomo*, 2015 WL 1546148.

The Texas Court of Criminal Appeals refused a petition for discretionary review. *See Palomo v. State*, PD-0425-15 (Tex. Crim. App. Dec. 16, 2015). Petitioner's state habeas application was signed on June 17, 2016, and received by the court on July 14, 2016. (*See* doc. 19-17 at 4, 22.) On September 14, 2016, it was denied without written order. (*See* doc. 19-14); *see Ex parte Palomo*, WR-85,595-01 (Tex. Crim. App. Sept. 14, 2016).

**B.     Substantive Claims**

Petitioner's habeas petition, received on April 21, 2017, raises the following grounds:

(1) The indictment was erroneous;

(2) The evidence was insufficient to support the conviction;

(3) The jury charge did not track the indictment;

2

  (4) The interpreter was not qualified;

  (5) The court erred in admitting expert testimony from a nurse;

  (6) The court erred in admitting an outcry statement;

  (7) There was a *Brady* violation;

  (8) Counsel was ineffective for failing to:

    (a) challenge the expert's qualifications;

    (b) object to the prosecutor's improper remarks;

    (c) obtain an expert witness for the defense;

    (d) object to the jury charge.

(*See* doc. 2.) Respondent filed a response on September 23, 2017, and Petitioner filed replies on September 12, 2017, and September 28, 2017. (docs. 23, 24, 26.)

## II. APPLICABLE LAW

  Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

  Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The

4

resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  INDICTMENT

Petitioner contends that there is no "continuous sexual abuse of a young child" offense, as charged, and that the offense is instead titled, "continuous sexual abuse against a child younger than 14 years of age." (*See* doc. 2 at 12-13.) He argues that because it incorrectly stated the title of the offense, the indictment did not provide sufficient notice of the charged offense.

"The sufficiency of a state indictment is not a matter for federal habeas corpus review unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (1985); *see also McKay v. Collins*, 12 F.3d 66, 68–69 (5th Cir. 1994). In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). It is beyond the scope of federal habeas review to review the correctness of the state court's interpretation of state law. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). The state court rejected this claim, thereby necessarily finding that the indictment was sufficient. Federal habeas review of that determination is precluded. *See Alexander*, 775 F.2d at 598. Moreover, Petitioner has not shown that the state court's rejection of this claim was unreasonable.

Under Texas law, all that is required for jurisdiction is the presentment of the indictment to the court. *McKay*, 12 F.3d at 69 (noting that a defect in substance in an indictment does not deprive a state trial court of jurisdiction) (citing *Moreno v. Estelle*, 717 F.2d 171 (5th Cir. 1983)). An

indictment must include "[t]he essential elements of the offense," but they need not be "expressed in any specific terms" to afford notice sufficient to satisfy constitutional requirements. *Id*. (citation omitted). Ultimately, "[a]n indictment should be found sufficient unless no reasonable construction of the indictment would charge the offense for which the defendant has been convicted." *Id*. (citation omitted).

The offense set out in section 21.02 of the Texas Penal Code is titled, "continuous sexual abuse of a young child or children." Under that section, a person commits an offense if "during a period that is 30 or more days in duration, the person commits two acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims ... and the victim is a child younger than 14 years of age." The section defines "act of sexual abuse" as a violation of aggravated kidnapping if done with the intent to violate or abuse the victim sexually, indecency with a child, sexual assault, aggravated sexual assault, burglary if done with the intent to commit a listed sexual offense, sexual performance of a child, trafficking of a person, and compelling prostitution. Although the statute makes the conduct a crime if committed against a child younger than 14 years of age, its title does not include that element of the offense. Petitioner has not shown how the failure of the indictment to refer to that element in the naming of the offense was erroneous.

According to the state appellate court:

> The indictment alleged the following acts of sexual abuse: (1) indecency with a child by contact, by touching Cathy's genitals; (2) indecency with a child by contact by touching Cathy's anus; (3) indecency with a child by causing Cathy to touch Palomo's genitals; (4) aggravated sexual assault by penetrating Cathy's anus with Palomo's sexual organ;12 (5) aggravated sexual assault by causing the sexual organ of Palomo to contact or contact and penetrate Cathy's anus; (6) aggravated sexual assault by penetrating Ellen's anus with Palomo's sexual organ; (7) aggravated sexual assault by penetrating Cathy's sexual organ with Palomo's sexual organ; (8) aggravated sexual assault by causing Ellen's mouth to come in contact with Palomo's sexual organ; (9) aggravated sexual assault by penetrating Ellen's mouth

6

> with Palomo's sexual organ; (10) aggravated sexual assault by causing the sexual organ of Palomo to contact Ellen's anus; (11) aggravated sexual assault by causing Palomo's sexual organ to come in contact with Ellen's sexual organ; and (12) indecency with a child by contact by touching Ellen's genitals. The indictment alleged Palomo committed these acts over a period of thirty or more days beginning on or about September 1, 2010, during which period Palomo was seventeen years of age or older and Ellen and Cathy were younger than fourteen years of age.

*Palomo*, 2015 WL 1546148 at *5. The indictment alleged that the victims were younger than 14 years old, so it did allege the element about which Petitioner complains. He has not shown that the indictment failed to provide notice of the charged offense.

Petitioner raised this claim in his state habeas application that was denied. He has not shown that the indictment failed to invoke the court's jurisdiction. He has not shown that the state court's rejection of his claim was unreasonable.

## IV. JURY CHARGE

Petitioner asserts that the jury charge did not track the manner and means alleged in the indictment. (*See* doc. 2 at 14.) He contends that the indictment conjunctively alleged "contact and penetration," but the jury charge disjunctively instructed on "contact or penetration." (*See* doc. 2 at 14, 33.)

To warrant habeas relief for error in the trial court's instructions to the jury, the court must find that the jury charge error rendered the entire trial fundamentally unfair. *See Thompson v. Lynaugh*, 821 F.2d 1054, 1060 (5th Cir. 1987) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154–55 (1977)). The question is whether the alleged invalid instruction "by itself so infected the entire trial that the resulting conviction violated due process, not merely if the instruction was undesirable, erroneous, or universally condemned." *Wright v. Director*, TDCJ, No. 9:11–CV–204, 2012 WL 7159911, at * 20 (E.D. Tex. Oct. 2, 2010) (citing *Henderson*, 431 U.S. at 155), *rep. and rec.*

7

*adopted*, 2013 WL 607850 (E.D. Tex. Feb. 19, 2013). The jury instruction may not be considered in isolation; it must be considered in the context of the instructions as a whole and the trial record. *See McGuire*, 502 U.S. at 72.

In Texas, although an indictment conjunctively alleges different methods of committing an offense, it is proper for the jury to be instructed on those methods disjunctively. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## V. SUFFICIENCY OF EVIDENCE

Petitioner contends that the evidence was insufficient to support the conviction. He reiterates that there is no offense titled "continuous sexual abuse of a young child," claims that the evidence was "scant," and argues that the witnesses did not testify when the alleged incidents took place. (*See* doc. 2 at 13, 18.)

Federal courts conduct an extremely limited review of habeas claims based on the sufficiency of the evidence using the standard in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320. Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id*. Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v.*

*Martinez*, 975 F.2d 159, 161 (5th Cir. 1992).  Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000).  They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir.1999).

Section 21.02 provides that the jury does not need to unanimously agree on "the exact date when [the acts of sexual abuse] were committed.  The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse."  The state appellate court held that the evidence was sufficient, finding that each child's testimony supported four of the alleged acts of sexual abuse, for a total of eight acts of sexual abuse, and that occurred over a period of at least one year.  *Palomo*, 2015 WL 1546148 at *6.  Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## VI.  INTERPRETER

Petitioner contends that the interpreter used to translate during the interview of one of the children, which was videotaped, was not qualified.  (*See* doc. 2 at 7, 19-21.)

A forensic interviewer from the Hunt County Children's Advocacy Center interviewed the children.  One interview was conducted entirely in English.  For that of the other child, the questions were asked in English, and several were answered by the child in English.  For many of the questions, a Spanish interpreter translated those questions into Spanish and the child's answers into English.  The interpreter also testified at trial.  *See Palomo*, 2015 WL 1546148 at *1-2.  The interpreter had been employed by the Hunt County Sheriff's Department for four years, and she performed background checks.  She spoke Spanish fluently and provided translation services for the sheriff's department.  She did not have any special credentials or certifications.  *Palomo*, 2015 WL

9

1546148 at *4.

On appeal, Petitioner contended that the court should not have admitted into evidence the videotaped interview of the child, which had been conducted through the interpreter. The appellate court held that there was no error in admitting the videotaped interview into evidence. The reliability of the translation in the videotaped interview was verified by the child's testimony at trial, which was substantially the same as the statements that were translated on the videotape. *See Palomo*, 2015 WL 1546148 at *4-5.

A trial court's evidentiary rulings are matters of state law which are not subject to re-examination by the federal courts. *See McGuire*, 502 U.S. at 67–68. "[A] federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific federal constitutional right or renders the petitioner's trial fundamentally unfair." *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997). Petitioner has not shown that the interpreter was unqualified under state law, or that the admission of the videotaped interview that was conducted through an interpreter rendered his trial fundamentally unfair. He has not shown that the state court's rejection of this claim was unreasonable.

### VII. NURSE

Petitioner contends that a nurse was erroneously allowed to testify as an expert about a sexual assault examination that she performed, even though she was not a physician. (*See* doc. 2 at 22-25.) The admission of the nurse's testimony was a matter of state law, and Petitioner has not shown that the admission of that testimony rendered his trial fundamentally unfair. *See McGuire*, 502 U.S. at 67–68; *Gochicoa*, 118 F.3d at 446. He has not shown that the nurse was not qualified under state law, or that the state court's rejection of this claim was unreasonable.

## VIII. OUTCRY

Petitioner contends that the court erred in admitting the videotaped interview as an outcry statement. (*See* doc. 2 at 22.) The admission of the interview was a matter of state law, and Petitioner has not shown that the admission of that testimony rendered his trial fundamentally unfair. *See McGuire*, 502 U.S. at 67–68; *Gochicoa*, 118 F.3d at 446. He has not shown that the state court's rejection of this claim was unreasonable.

## IX. BRADY CLAIM

Petitioner appears to raise a claim that the prosecutor failed to disclose a videotape in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

In *Brady*, the Supreme Court held that a prosecutor must disclose evidence to a criminal defendant if that evidence is favorable to the defendant and material to his guilt or punishment. *See id*. at 87. "*Brady* claims involve 'the discovery, after trial of information which had been known to the prosecution but unknown to the defense.'" *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994). "There are three components of a true *Brady* violation: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Evidence is material within the meaning of *Brady* only when there is a reasonable probability of a different result at trial had the evidence been disclosed. *Wood v. Bartholomew*, 516 U.S. 1, 5 (1995).

Petitioner raised a *Brady* issue on appeal. *See Palomo*, 2015 SL 1546148 at *7. On the third day of trial, the State became aware of the existence of a videotaped interview of another girl who had accused Petitioner of sexual abuse in 2008. The State had been previously advised that the

11

video could not be found, and it so notified Petitioner. At trial, a witness informed the prosecutor that the videotape existed. The State promptly notified the court and Petitioner. The appellate court held that Petitioner did not preserve error for review. *Id*.

Petitioner has not alleged what was on the videotape, that it was favorable to him, or how he was prejudiced. Moreover, a "complaint that the government had the information for some time before disclosing it ... does not, in itself, show a *Brady* violation." *United States v. Walters*, 351 F.3d 159, 169 (5th Cir. 2003). The question is whether a defendant was prejudiced by the late disclosure. *United States v. McKinney*, 758 F.2d 1036, 1050 (5th Cir. 1985). "If the defendant received the material in time to put it to effective use at trial, his conviction should not be reversed simply because it was not disclosed as early as it might have, and, indeed, should have been." *Id*. Petitioner has not shown that the videotape was disclosed too late for him to put it to effective use at trial. He has not shown that he is entitled to relief on this claim.

## X. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

12

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### A.      Expert's Qualifications

Petitioner contends that counsel failed to challenge the expert's qualifications. (*See* doc. 2 at 32.) It is not clear to which witness Petitioner is referring. To the extent that this ground relates to the interpreter or the nurse, he has not shown that they were not qualified to testify under Texas law. He has not shown that the state court's rejection of this claim was unreasonable.

### B.      Prosecutor's Remarks

Petitioner contends that counsel failed to object when the prosecutor argued to the jury that the state had met its burden of proof. (*See* doc. 2 at 32, 39.)

Under Texas law, a proper jury argument includes (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from that evidence (3) response to opposing counsel's argument; and (4) pleas for law enforcement. *See Cobble v. State*, 871 S.W.2d 192, 204 (Tex. Crim. App. 1993). In habeas corpus proceedings, allegedly improper statements are reviewed to determine whether they "'so infected the [trial] with unfairness as to make the resulting [conviction] a denial of due process.'" *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Ables v. Scott*, 73 F.3d 591, 592 n. 2 (5th Cir. 1996) (internal quotation omitted). The alleged conduct must render the trial fundamentally unfair within the meaning of the Due Process Clause of the Fourteenth Amendment. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) ("The relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process") (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974). "Such unfairness exists only if the prosecutor's remarks evince either persistent and pronounced misconduct or ... the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Hughes v. Quarterman*, 530 F.3d 336, 347 (5th Cir.2008)

(quoting *Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir.2002)).

A prosecutor may argue his or opinions about issues in the case as long as the opinions are based on evidence in the record. *See Wolfe v. State*, 917 S.W.2d 270, 281 (Tex. Crim. App. 1996). Petitioner has not shown that the argument was improper, or that the state court's rejection of this claim was unreasonable.

### C. Expert Witness

Petitioner contends that counsel failed to obtain an expert witness to contradict the nurse's testimony. (*See* doc. 2 at 30-31.)

Claims of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009). To prevail on an ineffective assistance claim based on counsel's failure to call a witness, a petitioner must name the witness, demonstrate that the witness was available to testify and would have, set out the content of the proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id*.

Petitioner has not identified an expert witness who could have testified for the defense. He has not set out the proposed testimony of any defense expert witness, and he has not shown that any such testimony would have been favorable. He has not shown that the state court's rejection of this claim was unreasonable.

### D. Jury Charge

Petitioner contends that counsel failed to object to or correct the jury charge. (*See* doc. 2 at 8.) He does not specify the objection or correction that should have been made. To the extent that

he refers to his claim of jury charge error, as discussed, he has not shown that the jury charge was erroneous. Counsel was not ineffective for failing to raise a meritless argument. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections"). He has not shown that the state court's rejection of this claim was unreasonable.

## XI. EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## XII. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 27th day of December, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                               */s/ Irma Carrillo Ramirez*
                                                                              IRMA CARRILLO RAMIREZ
                                                             UNITED STATES MAGISTRATE JUDGE